54 CCPA

### Application of Borje ANDERSSON.
### Patent Appeal No. 7721.

United States Court of Customs and Patent Appeals.
Jan. 12, 1967.

Michael S. Striker, New York City, for appellant.

Joseph Schimmel, Washington, D.C. (George C. Roeming, Washington, D.C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

ALMOND, Judge.

Andersson appeals from the decision of the Patent Office Board of Appeals

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

affirming the rejection of claim 2 of appellant's application [1] entitled "Arrangement In And Relating To Propeller Driven Ships."

Reproduced below are figures 1, 2 and 4 of appellant's drawings depicting his arrangement for a propeller driven marine vessel:

The references relied on are:

| Stribling | 931,159 | August 17, 1909 |
| Kilvington | 2,956,536 | October 18, 1960 |

As is apparent from the drawings (Figs. 1 and 2) of Stribling, reproduced below, this reference discloses a marine propulsion system disposed in a water craft. The craft has a downwardly opening recess at its after portion with- in which is disposed a pivotally movable power transmission means, rotatively and universally connected at one end to an inboard engine (in the fore portion of the craft) with a propeller at the other end. The transmission means comprises

1. Serial No. 137,873, filed September 13, 1961.

a propeller shaft 16 rotatably supported in a planar lowering board 17. The propeller and shaft are operable rotatably in at least two positions, viz. (1) a position wherein the shaft is horizontally disposed (Fig. 2) within the recess with the propeller 22 aft of the after portion and (2) a position wherein the propeller, shaft and planar board 17 are lowered about the universal connection 15 and form an angle with the horizontal (Fig. 1).

Fig. 1.

Fig. 2.

Kilvington shows a pivotal shaft and propeller, with a planar circle sector which pivotally supports the shaft and propeller and is adjustable to vary the angle of the shaft with the horizontal.

In aid of clarification, we have inserted numerals from the Stribling reference at relevant intervals in appealed claim 2, which reads as follows:

2. An arrangement for a propeller driven marine vessel having a hull [7], said hull having a fore portion and an aft portion and a substantially horizontal fore-aft line running between said fore and aft portions and a recess [8] formed in said hull between said fore and aft portions, said arrangement comprising, in combination, a propeller shaft [16] having a propeller [22] mounted at one end thereof and having its other end located in said recess spaced from the aft portion [10]

of said hull, said propeller shaft having a length greater than the distance between said recess and said aft portion of said hull so that said propeller shaft may be displaced between a substantially horizontal position [Fig. 2] in which said propeller is located behind said aft portion of said hull and a turned position [Fig. 1] in which said propeller shaft is directed in rearward downward direction with said propeller at said one end thereof located spaced downwardly from said aft portion thereof; driving means [14] carried by said vessel for driving said propeller shaft; a universal joint [15] coupling said driving means to said propeller shaft; *and a circle sector of substantially planar configuration movably mounted in the recess formed in the hull of said vessel and supporting said propeller shaft at said other end thereof in a manner whereby said propeller shaft is displaceable with said circle sector from said substantially horizontal position into said turned position thereof in which latter position said shaft forms with said fore-aft line an angle of at least 45°; said propeller shaft extending with the end portion thereof carrying said propeller to a considerable extent rearwardly beyond said circle sector so that in said turned position of said shaft, said propeller carried thereby will be rearwardly and downwardly spaced from said circle sector.* [Emphasis supplied.]

The board affirmed the examiner's rejection of the pending claim under 35 U.S.C. § 103 as unpatentable over Stribling alone or in view of Kilvington.

The board noted that appellant's propeller and the Stribling propeller are disclosed to be useful for the same purpose, viz. to secure better performance in deep water.

A comparison of the appealed claim with the means and elements disclosed in Stribling, as indicated by the Stribling reference numerals imposed thereupon, conclusively supports the view of the board that up to the portion of the claim which we have italicized, viz. beginning with "and a circle sector," the claim under consideration reads directly on Stribling.

As to the remainder of the claim embraced by the italicized portion thereof, the board noted these three differences between the claim and the Stribling disclosure:

(1) the recitation of "a circle sector of substantially planar configuration movably mounted in the recess" of the hull; (2) a shaft inclination of at least 45° to give the best result, while Stribling does not describe any angle but illustrates an angle which appellant asserts to be about 25°; and (3) the recitation that the propeller shaft extends beyond the circle sector "to a considerable extent rearwardly."

With reference to the limitation (1) relating to a "circle sector," the examiner noted in his answer that if the term be defined to include the boards 17 of Stribling, plus the members surrounding the propeller defining the opening 23, it would be obvious to one skilled in the art either to extend the propeller 22 beyond the circle sector or to eliminate the surrounding members defining the opening in view of the teaching of Kilvington, which shows a propeller totally rearward of a circle sector in all turned positions of the propeller shaft so that, in the language of the appealed claim, "said propeller shaft extending with the end portion thereof carrying said propeller to a considerable extent rearwardly beyond said circle sector so that in said turned position of said shaft, said propeller carried thereby will be rearwardly and downwardly spaced from said circle sector." The examiner reasoned that:

\* \* \* it is obvious, within the bounds of 35 USC 103, in view of Kilvington, to modify Stribling as to eliminate the surrounding members defining the opening or to extend the propeller rearwardly of such surrounding members.

Supplementing the examiner's reasoning, with which we agree, the board stated:

As to the circle sector shape, nothing persuasive has been advanced as to why such shape stabilizes in any unexpected manner or produces any other unexpected advantage. As appellant has conceded, for an adjustable angle propeller, this shape is old in Kilvington for the purpose of applying power for the angular displacement necessary in such patent.

In the absence of some persuasive showing to the contrary, we agree with the Examiner that the mere adopting of such shape for the Stribling propeller mounting board and stabilizer 17 is but the use of a known feature in the art for known purposes and thus obvious.

Relative to the 45° angle limitation (2), it should be noted that Stribling states that an object of his invention is:

* * * the provision of a drop propeller * * * mounted in a pivotal board whereby when said board is lowered the same will act as a balance or keel board * * * to steady the boat in its movement.

In this connection we agree with the board that, while Stribling does not describe a specific angle, he does disclose that the downward angle utilizes the motive power to the best advantage; and, in the absence of some persuasive showing to the contrary, it seems clear that the usual practices in the art would require determining the angle that is optimum for any given hull. Certainly one of ordinary skill could readily, and would be prompted to, ascertain, as a simple expedient, whether the angle for optimum performance would be 45° or less.

We have heretofore noted, in our discussion of the examiner's views relative to the term "circle sector," the suggestion to modify Stribling in view of Kilvington either to eliminate the members surrounding the propeller which define the opening 23 or to extend the propeller rearwardly of the surrounding members to meet the claim limitation (3) that the propeller shaft extend beyond the circle sector to "a considerable extent rearwardly."

We agree with the examiner and the board that Kilvington makes it clearly obvious either to omit the portion of the Stribling structure extending beyond the propeller or to put the rearmost propeller bearing in the rearmost transverse part and place the propeller therebeyond.

After full consideration of appellant's brief and oral argument, we are not persuaded of reversible error on the part of the board in holding the appealed claim unpatentable under 35 U.S.C. § 103 over the cited art.

For the foregoing reasons, the decision of the board is affirmed.

Affirmed.